# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

In re:

MICHAEL J. JOHNSON and
LEATHA M. JOHNSON,

      Debtors.

Case No. 04-14907-RGM
(Chapter 13)

## MEMORANDUM OPINION

THIS CASE was before the court on the motion of Chevy Chase Bank, FSB, ("Chevy Chase") to file a late proof of claim. For the reasons stated below, the motion will be granted.

### Background

This chapter 13 case was filed on December 2, 2004. The debtors filed their schedules and statement of affairs on December 17, 2004, together with their chapter 13 plan. The chapter 13 plan provides for 100% payment of all claims. The bar date for non-governmental proofs of claims was April 4, 2005. The bar date for governmental proofs of claims was May 31, 2005. No governmental proofs of claims were filed. The total amount of non-governmental proofs of claims filed was $35,787.65. The plan provided for payments to the trustee of $86,100.00. No objections were filed to the proposed chapter 13 plan and it was confirmed on February 1, 2005, before the expiration of either bar date.

Chevy Chase did not file a timely proof of claim. On May 4, 2005, it filed a motion to file a late proof of claim. The debtors listed Chevy Chase with a claim of $19,296.22. The address listed by the debtor was Chevy Chase's attorney, Kevin M. Fitzpatrick. At the time the petition was filed,

Mr. Fitzpatrick represented Chevy Chase in a recently filed suit pending in the Circuit Court of Prince William County. Until he filed the motion to file a late proof of claim, he had made no appearance in this bankruptcy proceeding. Both parties agree that if Chevy Chase had timely filed a proof of claim, it and all other creditors would be paid in full. Permitting a late filed proof of claim will not prejudice any creditor who timely filed a proof of claim. Denying the motion to file a late proof of claim inures solely to benefit of the debtors who would be able to complete their chapter 13 plan earlier because they would not pay this particular debt.

## Discussion

A debtor in bankruptcy is required to file a list of creditors which includes both the name and address of the creditors. *See* 11 U.S.C. §521(1); F.R.Bankr.P. 1007(a)(1). The notice of commencement of the case is sent to creditors at the address provided by the debtor.

> The purpose of requiring a debtor to list his creditors with their proper addresses is to permit notice to be given to the creditors of the bankruptcy filing so that they may have an opportunity to avail themselves of the rights afforded them by the Bankruptcy Code.

*In re Frankina*, 29 B.R. 983, 985 (Bankr.E.D.Mich.1983), quoted in *In re Kleather*, 208 B.R. 406, 410 (Bankr.S.D.Ohio 1997). *Kleather* continues:

> While the Bankruptcy Code provides no guidance as to what is the proper address of a creditor, the law is clear that such an address must be one at which notice or service would be reasonably calculated to comply with constitutional notions of due process.

*Id.* at 410.

It is not uncommon, and it is the better practice, to list an attorney who is handling the collection of a debt due from the debtor on the schedules so that notice of the bankruptcy will be

mailed directly to the attorney. However, this listing is generally in addition to scheduling the creditor itself. The practice results in multiple notices, one directly to the creditor and another to the attorney. One purpose is to assure that notice is brought home to the creditor. A second is to eliminate any delay in notifying the attorney who is actually endeavoring to collect money from the debtor. Without the additional notice to the attorney, the notice goes first to the creditor, is processed by the creditor, and ultimately forwarded to the attorney. This delays the relief from collection activities that a debtor seeks when filing a bankruptcy petition.

The practice of adding the attorney does not eliminate the responsibility of the debtor to list the creditor itself. In this case, Mr. Fitzpatrick is not the agent of Chevy Chase for purposes of receiving notification of bankruptcy. The relationship of an attorney to his client is generally limited to the specific matter undertaken. The undertaking by Mr. Fitzpatrick was to collect the debt, not to represent Chevy Chase in a bankruptcy proceeding. An attorney retained to represent a party in one case does not, because of such representation, become an authorized agent to receive service of process in a different case.[1]

Notwithstanding that Mr. Fitzpatrick was not the general agent of the creditor to receive the notice of the bankruptcy, in some circumstances it may be sufficient notification of the creditor. It depends upon the relationship of the creditor to the attorney and whether the notice provided to the attorney is in fact forwarded to the creditor. In this case, the parties agree that the notice was not forwarded to the creditor. There is no evidence that there was any legal obligation on the part of the attorney to forward this notice to the client. While an attorney has a professional obligation to keep

---

[1]This is distinct from serving an attorney in a case who has made an appearance in that case. *See* F.R.Civ.P. 5(b)(1).

3

his client advised of developments in the case, it is not clear that this professional obligation is sufficient to satisfy the due process rights of a creditor to receive notice of the bankruptcy filing when he does not in fact receive the notice.

In this case, there are other considerations. The problem is one of the debtors' own making in that they did not list an address for the creditor. They were relying upon a third party, albeit the attorney for a party, to forward the notice to the bank. It is more important, however, that there is no prejudice to any other creditor by allowing the late filed proof of claim. All claims, including the bank's claim if permitted to be filed, will be paid in full. There was no significant delay in requesting the relief. The relief was requested within a month after the bar date. The plan was confirmed prior to the expiration of the bar date. Confirmation was predicated upon paying all scheduled creditors in full which included the bank and no amendment will be necessary.

## Conclusion

The bankruptcy court is a court of equity. In the circumstances presented in this case – the debtors failed to provide an address for the creditor itself, the error was sought to be corrected shortly after the bar date, all claims including the bank's claim will be paid in full, there is no prejudice to other creditors, and the debtors planned to pay the debt – the court should exercise its equitable powers to allow the bank to file its proof of claim and to have it treated as a timely filed proof of claim. Any other result is merely a windfall for the debtors.

Alexandria, Virginia
July 14, 2005

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

Copy electronically to:

Karen S. Lang
Kevin M. Fitzpatrick

12272